**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LAWRENCE ALVIN RATLEFF,**

      **Petitioner,**

      **v.**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

      **CASE NO. 2:15-CV-00128**
      **JUDGE GEORGE C. SMITH**
      **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, Respondent's *Return of Writ*, Petitioner's *Reply*, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

This case involves Petitioner's convictions in the Union County Court of Common Pleas pursuant to his guilty plea on two counts of trafficking in heroin.  (ECF No. 6-1, PageID# 55-64.)  On March 13, 2013, the trial court sentenced Petitioner to an aggregate term of eight years incarceration pursuant to the joint recommendation of the parties.  (PageID# 66; 69-76.)  Represented by new counsel, Petitioner filed a timely appeal (PageID# 78) pursuant to *Anders v. California*, 386 U.S. 738 (1967),[1] asserting that Petitioner had been denied the effective

---

[1] In *Anders*, the Supreme Court held that, if appellate counsel

    finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the

assistance of counsel. (PageID# 91.) Petitioner filed a *pro se* supplemental brief, additionally arguing that he had been denied the effective assistance of counsel, that "the trial court failed to follow the mandates of Ohio Criminal Rule 11(C)" and abused its discretion in imposing consecutive sentences, and that his attorney improperly failed to advise the court he was drug dependent. (PageID# 112.) On December 4, 2013, the appellate court dismissed the appeal. (PageID# 126-29.) On February 7, 2014, Petitioner filed a *Notice of Delayed Appeal* in the Ohio Supreme Court. (PageID# 130.) The Ohio Supreme Court granted Petitioner's motion for a delayed appeal. (PageIOD# 132.) On July 9, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). (PageID# 151.)

Petitioner additionally pursued post conviction relief. On April 17, 2013, and September 3, 2013, he filed petitions for post conviction relief in the state trial court. (PageID# 154; 157.) The trial court denied relief, concluding that it lacked jurisdiction due to the filing of Petitioner's appeal. (PageID# 156; 192.) Petitioner filed a timely appeal. (PageID# 193.) On June 2, 2014, the appellate court dismissed the appeal, concluding that Petitioner's claims were barred under Ohio's doctrine of *res judicata*. (PageID# 206-213.) On November 5, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).

On January 16, 2015, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his guilty plea was not knowing, intelligent or voluntary, that his attorney misinformed him regarding the penalty involved, and that the trial

---

indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

court improperly failed to comply with Rule 11 of the Ohio Rules of Criminal Procedure in accepting his guilty plea and imposing sentence (claim one); that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence regarding the global positioning system (GPS) on Petitioner's car (claim two); and that he was denied the effective assistance of counsel because his attorney failed to challenge the trial court's lack of jurisdiction and venue (claim three).  Petitioner also argues that "the trial court abused its discretion by imposing consecutive, maximum prison sentence[s]."  *See Reply* (ECF No. 10, PageID# 304-05.)  It is the position of the Respondent that Petitioner's claims are waived or without merit.

## Standard of Review

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow,* ⸺ U.S. ⸺, ⸺, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

The factual findings of the state appellate court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State

> court, a determination of a factual issue made by a State court shall
> be presumed to be correct. The applicant shall have the burden of
> rebutting the presumption of correctness by clear and convincing
> evidence.

28 U.S.C. § 2254(e)(1). Habeas corpus should be denied unless the state court decision was

contrary to, or involved an unreasonable application of, clearly established federal law as

determined by the Supreme Court, or based on an unreasonable determination of the facts in light

of the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1); *Coley v. Bagley*, 706 F.3d

741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)). *See also* 28

U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable

determination of the facts in light of the evidence presented in the State court proceeding"). The

United States Court of Appeals for the Sixth Circuit explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent
> if (1) "the state court arrives at a conclusion opposite to that
> reached by [the Supreme] Court on a question of law[,]" or (2) "the
> state court confronts facts that are materially indistinguishable
> from a relevant Supreme Court precedent and arrives" at a
> different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct.
> 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an
> "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it
> "identifies the correct governing legal rule from [the Supreme]
> Court's cases but unreasonably applies it to the facts of the
> particular ... case" or either unreasonably extends or unreasonably
> refuses to extend a legal principle from Supreme Court precedent
> to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146
> L.Ed.2d 389.

*Coley*, 706 F.3d at 748-49. The burden of satisfying the standards set forth in § 2254 rests with

the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

"In order for a federal court to find a state court's application of [Supreme Court

precedent] unreasonable, . . . [t]he state court's application must have been objectively

unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21,

4

(2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003)). *See also Harrington v. Richter*, 562 U.S. at 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. "'[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.' " *Holder v. Palme*r, 588 F.3d 328, 341 (6th Cir. 2009) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*)). *See also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Moreover, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a federal habeas court must review the state court's decision based solely on the record that was before the state court at the time that it rendered its decision. *Pinholster,* 563 U.S. at 182. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.*

### Claim One

Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary because he was not given accurate information about the consequences of his plea, his attorney misled him, and failed to communicate with him regarding plea negotiations. Petitioner complains that his attorney "was pushy" and advised him to take the plea deal or face many years in prison. Petitioner asserts that the trial court failed to ensure that Petitioner understood the rights he was

waiving by entering his guilty plea, and improperly failed to inquire when Petitioner stated he

had "no choice" but to enter a guilty plea.

The state appellate court rejected this claim in relevant part as follows:

> In the instant case, appellant was indicted on seven counts of varying drug-related offenses.  After the commencement of a jury trial, appellant entered into a plea agreement with an agreed sentencing recommendation.  As part of the agreement, appellant pleaded guilty to two counts of trafficking in heroin in exchange for the remaining five counts of the indictment being dismissed.  The parties requested, and the trial court accepted, a recommended four-year mandatory sentence on each count, to be served consecutively.

> Upon our examination of the record, we find no merit to the "arguable" assignment of error raised by counsel for appellant.  There is no evidence in the record indicating ineffective assistance of trial counsel which prejudiced the defense.  *See State v. Bradley*, 42 Ohio St.3d 136 (1989); and *Strickland v. Washington*, 466 U.S. 668 (1984).  Accordingly, we agree that the assignment of error raised by counsel is without merit and no arguable issue for appeal exists.

> . . . [A]ppellant filed a *pro se* brief asserting three assignments of error.  Again, the record fails to reveal arguable merit to a potential error of ineffective assistance of trial counsel.  The Court additionally finds no merit to appellant's other two potential errors regarding the trial court's Crim.R. 11(C) compliance and its imposition of consecutive sentences.  It is evident from the plea transcript that the trial court informed appellant of the consequences of his guilty plea as required by Crim.R. 11(C) and also ascertained appellant's understanding of what he was doing and that he wanted to proceed by pleading guilty.  Appellant's sentence was an agreed sentence of consecutive prison terms on the charges and the sentence is within that authorized by statute.  Pursuant to R.C. 2953.08(D), a sentence is not subject to review when the sentence is authorized by law, jointly recommended by the parties, and imposed by the sentencing judge.  *State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095.  Accordingly, the court finds appellant's assignments of error to be not well taken.

> After a separate and full examination of the record, we find no arguable issue in this appeal and declare it wholly frivolous.

*Judgment Entry* (ECF No. 6-1, PageID# 126-29.)

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).  "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970).  In applying this standard, the Court must look at the totality of circumstances surrounding the plea.  *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness.  *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Further, A criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty.  *Brady v. United States*, 397 U.S. 742, 750 (1970).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases.  *Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going
to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.  Petitioner has failed to meet this standard here.

Petitioner signed an *Entry Withdrawing Plea of Not Guilty Entering Plea of Guilty* indicating that he was not under the influence of drugs, medication or alcohol and knew of no reason that would preclude him from proceeding in a knowing, intelligent and voluntary manner. He indicated that he understood the charges against him, and wished to plead guilty to counts four and five of the indictment, which charged him with trafficking in heroin, a felony of the second degree.  He denied being forced, threatened, or promised in any way causing him to sign the plea, other than the State's agreement to abide by the agreed sentencing recommendation filed in the case.  He understood he could not appeal a jointly recommended sentence authorized by law.  He indicated that he had had enough time to consult with his attorney, and his attorney had talked to him about the case and answered all of his questions.  He was satisfied with his lawyer's advice and counsel.  He understood the nature of the charges against him and the allegations contained in the indictment as they related to those charges.  He understood the potential sentence he faced.  He understood all of the rights he was waiving by entry of his guilty plea.  He indicated that all of his questions had been answered to his satisfaction, that he had had enough time to think about the important decision he was making, and was certain that he wanted to plead guilty.  Petitioner indicated, "having been fully advised of these, my rights, I hereby knowingly, intelligently, and voluntarily waive these rights and my right to a jury trial and freely elect to have this Court accept my plea of guilty here and now."  (PageID# 55-62.) Defense counsel also signed the agreement, indicating that he had explained to Petitioner the charges against him, the penalties he faced, and all of his constitutional rights.   Counsel

represented that, in his opinion, Petitioner was competent to enter the plea, and did so in a knowing, intelligent, and voluntary manner.  (PageID# 63.)

On the morning of a continuation of jury trial, defense counsel notified the trial court that a plea agreement had been reached.  *Transcript* (ECF No. 7-1, PageID# 260.)  The prosecutor advised the Court that Petitioner had agreed to enter a plea of guilty to counts four and five, and to an aggregate sentence of eight years.  (*Id.*)  Petitioner again denied being under the influence of any drugs, medication or alcohol that would prevent him from proceeding in a knowing, intelligent, and voluntary manner.  (PageID# 261-62.)  He denied having any reason to prevent him from entering a knowing, intelligent, and voluntary plea.  (*Id.*)

> COURT:  Well, let's talk about where we are.  We've commenced a jury trial in this case yesterday.  And the jury was seated and we've heard from six witnesses. . . . I want to make sure that you understand that you're entitled to proceed with this trial if you wish to do so.  The jury – the jury is here.  The jury is waiting and we can proceed with trial.  You don't – this isn't something that you have to do.  Do you understand that?
>
> DEFEDANT:  I know this, but –
>
> COURT:  I want to make sure that you understand further that if you enter a plea of guilty this morning to these two offenses, that I'm going to proceed to sentence you immediately. . . . [W]hat you've done is that you've presented to me an agreed sentencing recommendation, which calls for a sentence of four years mandatory on each count to run consecutive to one another for a total of eight years. Now, I will tell you up front that the Court will abide by that sentencing recommendation in the event that you enter a plea of guilty.  So that you know where you stand on the matter before we proceed this morning.  But I also want you to know that the Court respects your right to stand on your plea of not guilty, and have this matter heard and decided by the jury. . . . do you understand that?
>
> DEFENDANT:  Yes, sir.
>
> COURT:  And, you know, it's sometimes. . . difficult in front of family and friends to make these decisions. . . . This is your

> decision not anyone else's decision.  And you have to decide what you want to do.  You have a very good lawyer. . . . And we haven't heard all the evidence in the case yet. . . . I don't make the decision.  I don't decide your guilt or innocence.  The jury decides that if you wish to proceed.
>
> DEFENDANT:  (INAUDIBLE DISCUSSION HELD BETWEEN MR. WILKINS AND THE DEFENDANT.)  I understand.
>
> COURT:  All right.  With everything said, what is your wish?  Do you wish to stand on your . . . agreement to this sentencing recommendation and do you wish . . . me to proceed to question you with regard to the entry withdrawing plea of not guilty?
>
> DEFENDANT:  Withdrawing the plea of not guilty.

(PageID# 262-64.)  Petitioner indicated that it was his wish to withdraw his plea of not guilty and to plead guilty to counts four and five.  (PageID# 264-65.)  He understood that the charges both involved trafficking in heroin, felonies of the second degree.  (PageID# 265.)

> COURT:  You understand completely what you're doing?  Is that what I'm hearing?
>
> DEFENDANT:  Yes, sir.

(*Id.*)  Petitioner understood that he would be sentenced pursuant to the recommendation of the parties, and he had made this decision after conferring with counsel.  (*Id.*)  He had signed the sentencing recommendation knowingly, intelligently, and voluntarily.  (PageID# 265-66.)  He denied being threatened.  (PageID# 266.)  He denied being made any promises to induce his guilty plea, other than the State's agreement to be bound by the sentencing recommendation calling for him to plead guilty to counts four and five, and for the remainder of the charges to be dismissed.  (*Id.*)  He understood that the trial court was not bound by the sentencing recommendation, but nonetheless wished to proceed.  (PageID# 267.)  He understood that he would be immediately sent to prison, and he wished to proceed.  (*Id.*)  He had had sufficient time to consult with his attorney.  (PageID# 268.)  Petitioner indicated that his attorney had discussed

the case with him and answered all of his questions. (*Id.*) He was satisfied with counsel's advice and representation. (*Id.*) Petitioner signed the guilty plea agreement after reading it and discussing it with defense counsel. (*Id.*) He understood it, and he signed it knowingly, intelligently, and voluntarily. (PageID# 268-69.) He understood the nature of the charges against him and the allegations contained in the *Indictment*. (PageID# 269.) He understood that, by pleading guilty, he was making a complete admission of guilt. (*Id.*) The trial court explained the potential sentence he faced. Petitioner indicated that he understood. He understood he would not be eligible for judicial release. (PageID# 270-72.) Petitioner indicated that he understood that he would be subject to a period of post-release control, and he understood the ramifications of post release control. (PageID# 272-74.) The trial court explained to Petitioner all of the rights he was waiving by entry of his guilty plea. Petitioner at all times indicated that he understood. He asked no questions. (PageID# 276-77.) He understood his right to appeal and that any appeal must be filed within thirty days. (PageID# 277-78.)

> COURT: Do you have any questions of the Court before we proceed any further?
>
> DEFENDANT: No, sir.
>
> COURT: Do you wish to speak to your lawyer before we go any further?
>
> DEFENDANT: No, sir.
>
> COURT: Have you had enough time to think about this important decision?
>
> DEFENDANT: Yes, sir.
>
> COURT: Are you certain that you want to proceed today to change your plea?
>
> DEFENDANT: I have no choice. Yes, sir.

COURT:  You do have a choice, Mr. Ratleff.

DEFENDANT:  I'll proceed.

(PageID# 278.)  The prosecutor recited the following statements of facts:

> [A]s to count four.  On or about October 24, 2012, in Union
> county, State of Ohio, the Defendant, Lawrence Alvin Ratleff, Jr.,
> did knowingly prepare for shipment, ship, transport, deliver,
> prepare for distribution, or distribute a controlled substance when
> the offender knows or has reasonable cause to believe that the
> controlled substance is intended for sale or resale by the offender
> or another person.  And the drug involved in the violation is heroin
> or a compound mixture, preparation, or substance containing
> heroin.  And the amount of drug involved equals or exceeds 100
> unit doses, but is less than 500 unit doses, constituting the offense
> of trafficking in heroin in violation of Ohio Revised Code Section
> 2925.03(A)(2)(C)(6)(e), a felony of the second degree. . . . On or
> about October 24, 2012, the Defendant, Lawrence A. Alvin
> Ratleff, Jr., with another person, Boggs, was in the vehicle.  They
> had driven to Franklin County, Ohio, where they had obtained for
> sale from Mexicans, 103 unit doses of heroin for the cost of $800,
> and were returning with the same for purposes of re-selling the
> same.  They were pulled over by the law enforcement authorities.
> 101 unit doses were seized in a bag that had been stuffed under the
> seat of the cruiser by Boggs and two individual berries were
> recovered from Boggs.  Those items totaling 103 units doses,
> having just been received by the Mexicans for the $800 were
> submitted to BCI and I for testing and showed upon analysis to be
> heroin, a Schedule One controlled substance.  As to count five.  On
> or about November 6, 2012, in Union County, State of Ohio, the
> Defendant, Lawrence Alvin Ratleff, Jr., did knowingly prepare for
> shipment, ship, transport, deliver, prepare for distribution, or
> distribute a controlled substance when the offender knows or has
> reasonable cause to believe that the controlled substance is
> intended for sale or re-sale by the offender or another person, that a
> drug involved in the violation is heroin or a compound mixture,
> preparation, or substance containing heroin.  And the amount of
> the drug involved equals or exceeds 100 unit doses, but is less than
> 500 unit doses, constituting the offense of trafficking in heroin
> under Revised Code Section 2925.03(A)(2)(C)(6)(e), a felony of
> the second degree.  As to count five.  On or about November 6,
> 2012. . . the Defendant. . . went to Franklin County, Ohio, to
> Columbus for purposes of acquiring heroin from the Mexicans
> traveling with a Joseph and a Artis.  They, in fact, expended $800
> for 102 units doses of heroin, operating in two separate vehicles,

> having exchanged information between and being observed and
> surveilled by law enforcement.  The two vehicles then proceeded
> back to US 33, were traveling in Union County when . . . the
> pickup truck being operated by Artis was pulled over with the
> passenger being Joseph.  A separate vehicle operated by the
> Defendant, Ratleff, had pulled into the roadside rest.  The search of
> the vehicles resulted in recovering 102 unit doses of heroin[.]

(PageID# 280-81.)  Petitioner agreed with those facts.  He agreed that he had committed the acts

charged.  He admitted his guilt.  (PageID# 281-82.)  The trial court found that Petitioner had

made a knowing, intelligent and voluntary plea, been informed of all of his constitutional rights,

and understood the nature of the charges, the effects of his guilty plea, as well as the possible

penalties that could be imposed.  (PageID# 282.)  When asked if he wished to make a statement,

Petitioner admitted his guilt.  He stated he was a drug addict, that he had made a lot of mistakes,

and that he was sorry.  He apologized to his children, his family, and the trial court.  "With that, I

have nothing else to say[.]"  (PageID# 285.)

In view of this record, Petitioner's claim in these proceedings that he did not understand

the consequences of his guilty plea, the penalty he faced, or the rights that he was waiving by

entry of his guilty plea, plainly fails.  The record likewise fails to support Petitioner's allegation

of coercion.  To prove that his plea was not voluntary as a result of coercion, a criminal

defendant must demonstrate that the fear of a greater penalty for not pleading guilty destroyed

his ability to balance "the advantages of proceeding to trial against those of pleading guilty."

*Jones v. Estelle,* 584 F.2d 687, 690 (5th Cir. 1978). Petitioner has failed to meet this standard

here.

> [T]he representations of the defendant, his lawyer, and the
> prosecutor at [the guilty plea hearing], as well as any findings
> made by the judge accepting the plea, constitute a formidable
> barrier in any subsequent collateral proceedings.  Solemn
> declarations in open court carry a strong presumption of verity.
> The subsequent presentation of conclusory allegations unsupported

13

> by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda, supra*, 368 U.S. at 495–496, 82 S.Ct., at 514 (s 2255); *Price v. Johnston, supra,* at 334 U.S. 266, 286–287, 68 S.Ct. 1049, 1060–1061, 92 L.Ed. 1356 (s 2243).

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Such are the circumstances here. Petitioner has failed to establish the denial of the effective assistance of counsel in connection with the entry of his guilty plea.

To the extent that Petitioner asserts that the trial court violated Ohio Criminal Rules or Ohio law, this claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Claim one is without merit.

**Ineffective Assistance of Counsel**

In claims two and three, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence or challenge the venue of the trial court.[2] Petitioner waived these claims by entry of his guilty plea.

> [A]n unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional, constitutional deprivations. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 F. App'x. 307, 309 (6th Cir. 2001); *see also Siebert v. Jackson*, 205 F.Supp.2d 727, 733–34 (E.D. Mich. 2002) (holding that a habeas petitioner's claims of deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at the plea hearing that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement). The petitioner's pre-plea claims of ineffective assistance of trial counsel have been waived by his guilty plea.

*Danner v. Booker*, No. 10-11434, 2014 WL 3525071, at *8 (E.D. Mich. July 16, 2014).

**Sentencing**

To the extent that Petitioner intends to raise a challenge to the trial court's imposition of maximum consecutive terms of incarceration, as discussed by the state appellate court, he likewise has waived this claim by entry of his guilty plea and agreement to the trial court's imposition of a sentence jointly recommended by the parties:

> Appellant's sentence was an agreed sentence of consecutive prison terms on the charges and the sentence is within that authorized by statute. Pursuant to R.C. 2953.08(D), a sentence is not subject to review when the sentence is authorized by law, jointly

---

[2] Petitioner claims that he "was under investigation by the Logan County sheriff's Office who presented evidence to the Magistrate[s] and obtained the warrant and affidavit to install a (GPS) device, but yet Union County charged him with committing criminal activity based on what Logan County said. Union County did not have proper jurisdiction to convict him." *Petition* (ECF No. 1, PageID# 12.)

recommended by the parties, and imposed by the sentencing judge.
*State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095.

*Judgment Entry* (ECF No. 6-1, PageID# 129.) *See also Cornell v. Jeffries*, No. 2:05-CV-958, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006)(petitioner waived right to appeal his sentence under § 2953.08(D) by agreeing to jointly recommended sentence)(citing *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005); *State v. Dennison*, 2005 WL 2882922 (Ohio App. 10 Dist. November 3, 2005); *State v. Tillman*, 2004 WL 835845 (Ohio App. 6 Dist. April 16, 2004); *State v. Lentz*, 2003 WL 576646 (Ohio App. 2 Dist. February 28, 2003); *State v. Stacy*, 1999 WL 29075 (Ohio App. 12 Dist.1999). *See also Butler v. Warden, Lebanon Correctional Institution*, No. 09-4531, 483 Fed.Appx. 102, unpublished, 2012 WL 1861518 (6th Cir. 2012)(claim challenging constitutionality of sentence waived when entered pursuant to joint agreement of arties under O.R.C. § 2953.08(D)).

Moreover, the trial court explicitly advised Petitioner that he was waiving his right to appeal imposition of the jointly agreed upon sentence.

> COURT: Do you understand that if I do go along with the agreed sentencing recommendation, that based upon the case law in the State of Ohio, that you'll lose your right to appeal and/or any appeal that you file would be unsuccessful?
>
> DEFENDANT: Yes.

*Transcript* (ECF No. 7-1, PageID# 277.)

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


 _s/ *Elizabeth A. Preston Deavers* 
Elizabeth A. Preston Deavers
United States Magistrate Judge