IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAWRENCE ALVIN RATLEFF,**

        Petitioner,

   v.                                **CASE NO. 2:15-CV-00128**
                                         **JUDGE GEORGE C. SMITH**

**WARDEN, CHILLICOTHE**                  **MAGISTRATE JUDGE DEAVERS**
**CORRECTIONAL INSTITUTION,**

        Respondent.

## OPINION AND ORDER

On June 1, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 11). Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 14). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 14) is **OVERRULED**. The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner pleaded guilty in the Union County Court of Common Pleas on two counts of trafficking in heroin. On March 13, 2013, the trial court imposed an aggregate term of eight years of incarceration, pursuant to the joint recommendation of the parties. The Ohio Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined jurisdiction over the appeal. Petitioner also unsuccessfully pursued post-conviction relief. Petitioner asserts in this habeas corpus petition that his guilty plea was not knowing, intelligent or voluntary (claim one); that he was denied the effective assistance of counsel because his

attorney failed to file a motion to suppress evidence and failed to challenge the trial court's lack of jurisdiction and venue (claims two and three); and that the trial court improperly imposed consecutive maximum sentences.  The Magistrate Judge recommended dismissal of claim one on the merits, and the remainder of Petitioner's claims as waived.  Petitioner objects to the Magistrate Judge's recommendations.

Petitioner argues at length that his attorney performed in a constitutionally unreasonable manner by failing to file a motion to suppress evidence related to the global positioning system (GPS) placed on a car owned by his daughter which, he contends, police illegally used to track the whereabouts of the vehicle.  Petitioner also claims that he did not knowingly, intelligently, and voluntarily enter a guilty plea, because his attorney failed to file a motion to suppress evidence and improperly advised him to enter a guilty plea without litigating such a motion.  Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as waived by entry of his guilty plea.  Petitioner also objects to the recommended dismissal of this action without an evidentiary hearing, wherein he proposes to submit testimony from his daughter regarding her ownership of the vehicle at issue and police to establish that his daughter had not been under investigation or suspected of criminal activity at that time.  (ECF No. 14, PageID# 356).

As detailed in the Magistrate Judge's *Report and Recommendation*, the record fails to support Petitioner's claim that he did not enter a knowing, intelligent, and voluntary guilty plea. To the contrary, the record reflects that the trial court thoroughly advised Petitioner of all of the rights that he was waiving by entry of his guilty plea.  Petitioner at all times indicated that he understood.  He denied being made any promises, aside from those contained in the plea agreement, to induce his guilty plea, or being pressured or forced into entering a guilty plea.  He

indicated that he had discussed his case with counsel, and expressed satisfaction with counsel's representation. It was his desire to enter a guilty plea. He agreed to the joint sentencing recommendation of the parties, and stated that he understood that he was waiving his right to appeal his sentence. Petitioner also agreed to the prosecutor's recitation of facts. He admitted his guilt.[1] Defense counsel's failure to file a motion to suppress evidence does not render the guilty plea invalid. Further, by entry of his guilty plea, Petitioner has waived his right to raise pre-plea claims of ineffective assistance of counsel. *See Danner v. Booker*, No. 10-11434, 2014 WL 3525071, at *8 (E.D. Mich. July 16, 2014) (citations omitted). "Where the record is complete and there is no fact that could be developed that would result in the granting of the writ, an evidentiary hearing is unwarranted." *Cunningham v. Hudson*, No. 3:06CV0167, 2008 WL 2390777, at *10 (N.D. Ohio June 9, 2008) (citing *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004)). Such are the circumstances here.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 14) is **OVERRULED**.

Petitioner also seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial

---

[1] It does not appear, from the prosecutor's factual recitation, that a motion to suppress evidence related to a GPS device would have assisted the defense.

showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n.4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

In view of the record, this Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed Petitioner's claims as procedurally defaulted or as lacking in merit.

Petitioner's *Objection* (ECF No. 14) is **OVERRULED**. The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED**.

   **IT IS SO ORDERED**.

               *s/ George C. Smith*
               **GEORGE C. SMITH, JUDGE**
               **UNITED STATES DISTRICT COURT**